829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wesley Conrad WARD, Petitioner-Appellee,
v.
Rae H. MCNAMARA, Attorney General of North Carolina,
Respondents-Appellants.
 No. 87-7542
 United States Court of Appeals, Fourth Circuit.
 Augued July 7, 1987.
Decided September 9, 1987.
 
 Barry Steven McNeill, Assistant Attorney General (Lacy H. Thornburg, Attorney General of North Carolina, on brief), for appellants
 John A. Dusenbury, Jr. (Smith, Patterson, Follin, Curtis, James & Harkavy, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The State of North Carolina appeals from the issuance of a writ of habeas corpus directing it to grant inmate Wesley Conrad Ward a credit against his state sentence for time served in federal custody. Since the issue was moot when considered by the district court, we vacate and remand with instructions to dismiss the petition.
 
 I.
 
 2
 In December, 1970 Ward robbed a bank and kidnapped a bank teller. He pled guilty to bank robbery in federal court on April 9, 1971 and was sentenced to 15 years. He was also convicted of kidnapping in state court on April 15, 1971 and received a life sentence. Following his conviction in state court, Ward was transferred to federal custody to serve the bank robbery sentence. He was paroled to state custody on December 14, 1977. Ward became eligible for parole on the state sentence in August, 1984 and has been denied release twice.
 
 
 3
 In 1979, Ward filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. Sec. 2254 (West 1977), seeking credit against his state sentence for time served in federal custody. He asserted that N.C. Gen. Stat. Secs. 15-196.1 and 15-6.3 (1978) required that his state sentence be viewed as concurrent to the federal sentence. The district court denied relief. Ward v. Allsbrook, No. C-79-638-G (M.D.N.C. Apr. 3, 1980). On appeal, Ward additionally asserted that N.C. Gen. Stat. Sec. 15A-1354 (1978) provided him relief. This court affirmed the district court and found that Ward had not exhausted his state remedies as to section 15A-1354. Ward v. Allsbrook, No. 80-8167 (4th Cir. Oct. 7, 1981).
 
 
 4
 In 1981 Ward filed a second section 2254 petition seeking credit under N.C. Gen. Stat. Secs. 15-196.1 to 15-196.4 (1978). The district court dismissed the petition as successive and this court affirmed. Ward v. Woodward, No. C-81-762-G (M.D.N.C.), aff'd, No. 82-8012 (4th Cir. June 1, 1982).
 
 
 5
 After exhausting his state remedies, Ward filed this petition asserting that he is entitled to credit under section 15A-1354. The magistrate recommended that the writ be issued. However, the district court dismissed the petition as moot, finding that the credit would have no effect since the state sentence is a life term and Ward is already eligible for parole. Ward v. McNamara, No. C-83-1267-G (M.D.N.C. July 1, 1985). This court vacated the dismissal and remanded the case for further consideration of whether the North Carolina Parole Commission considers the length of time served as a factor in parole decisions and whether crediting Ward with the federal time would increase the probability of his receiving parole. Ward v. McNamara, No. 85-6562 (4th Cir. June 11, 1986).
 
 
 6
 On remand, the magistrate recommended that the petition not be dismissed as moot, finding that:
 
 
 7
 It is clear that the Parole Commission has, and will, consider the time served by petitioner on his state sentence in considering whether he should be released on parole. If he is credited with six years and eight months of additional time served, such a credit may affect his parole release.
 
 
 8
 The district court adopted the recommendation and issued the writ.
 
 II.
 
 9
 A claim for habeas corpus relief is moot 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged [state action].' See Sibron v. New York, 392 U.S. 40, 57 (1968). The State has shown that there is no possibility that crediting Ward's state sentence with the time in federal custody will influence the Commission's parole decisions.
 
 
 10
 On remand, the State submitted the uncontroverted affidavit of the Chairman of the North Carolina Parole Commission, stating: 'It is customary for the Parole Commission, in reviewing a case for parole, to consider time served in federal custody when such time resulted from a conviction for an offense which arose from the same series of events as the State offense.' The affidavit stated that the Commission considered the time served by Ward in federal custody in denying him parole on the previous occasions. The Chairman further averred that 'the fact of [Ward] being granted credit on the State sentence for such Federal custody would have had no influence upon Commission's denial of parole for [him].'
 
 
 11
 Accordingly, the judgment of the district court is vacated and the case is remanded with instructions to dismiss the petition as moot.
 
 
 12
 VACATED AND REMANDED.